**Ferdinand C. SCAGLIONE, Jr.,**
**Plaintiff–Appellant,**

v.

**MAMARONECK UNION FREE**
**SCHOOL DISTRICT,**
**Defendant,**

**WESTCHESTER COUNTY, Personnel Office Defendant–Appellee.**

No. 03–7901.

United States Court of Appeals, Second Circuit.

July 2, 2004.

Ferdinand C. Scaglione, Jr., Yonkers, NY, for Appellant, pro se.

Thomas G. Gardiner, Senior Assistant County Attorney (Charlene M. Indelicato, Westchester County Attorney, and Stacey Dolgin–Kmetz, Chief Deputy County Attorney, on the brief), White Plains, NY, for Appellee.

PRESENT: MINER, STRAUB, Circuit Judges, and FEUERSTEIN, District Judge.*

### SUMMARY ORDER

Plaintiff–Appellant Ferdinand Scaglione, *pro se*, appeals from the judgment of the United States District Court for the Southern District of New York (Charles L. Brieant, Jr., *Judge*) granting summary judgment in favor of Defendant–Appellee Westchester County Personnel Office ("WCPO") on Scaglione's claims under the Age Discrimination in Employment Act of 1967 ("ADEA") and 42 U.S.C. §§ 1983 and 1985. Familiarity is assumed as to the facts, procedural context, and the specification of appellate issues.

ADEA claims are analyzed using the three-step framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 91 (2d Cir.2001). "To establish a prima facie case of age discrimination under the ADEA, a claimant must demonstrate that: 1) he was within the protected age group; 2) he was qualified for the position; 3) he was subject to an adverse employment action; and 4) the adverse action occurred under circumstances giving rise to an inference of discrimination." *Terry v. Ashcroft*, 336 F.3d 128, 137–38 (2d Cir.2003) (internal quotation marks omitted). The only specific position which Scaglione argues he was wrongfully denied is the position that was filled by George McNally.

In December 1996, Mamaroneck Union Free School District ("MUFSD") requested a civil service title from WCPO for a new position that required a bachelor's degree in engineering. In June 1997, Scaglione's former supervisor retired from his job as Superintendent of Buildings and Grounds ("Superintendent"). According to the affidavit of Edward Brancati, Deputy Commissioner of Human Resources for the County of Westchester, MUFSD opted not to fill the Superintendent position and that position remained vacant during the district court proceedings. According to the

* The Honorable Sandra J. Feuerstein, United States District Judge for the Eastern District of New York, sitting by designation.

affidavit, instead of filling the Superintendent position, MUFSD hired McNalley for the new position, which was entitled Director of School Facilities and Operations ("Director"). The affidavit asserts that MUFSD created the new position because it was planning to begin construction on the school grounds. Scaglione does not claim that he possessed a bachelor's degree in engineering as was required for the Director's position, or that this requirement was ignored when McNally was hired. Thus, to the extent Scaglione argues that the failure to hire him for the Director's position was discriminatory, he has failed to establish one of the elements of the *prima facie* case—qualification for the position.

■ Scaglione also failed to make out a *prima facie* case with respect to the Superintendent position. While the record demonstrates that he was qualified for that position, Scaglione has not demonstrated that the circumstances surrounding the decision not to fill the Superintendent position, and specifically not to hire Scaglione for that position, support an inference that the decision was based on his age. In particular, Scaglione has not provided evidence that MUFSD was seeking other applicants for the Superintendent position during the time period at issue. *See McDonnell Douglas Corp.*, 411 U.S. at 802, 93 S.Ct. 1817.

To the extent that Scaglione argues that MUFSD's decision to create the new Director position was motivated by discrimination against Scaglione on the basis of his age, this is a claim against MUFSD, not WCPO. In addition, although the record reflects that WCPO did not certify the civil service title "Director of School Facilities and Operations" until well after McNally began working for MUFSD, this fact does not establish that WCPO denied Scaglione access to employment with MUFSD under circumstances giving rise to an inference of age discrimination.

Because Scaglione failed to prove a *prima facie* case of age discrimination, this court need not address in the first instance whether WCPO can be liable under the ADEA as an "employment agency."

Finally, it does not appear that Scaglione is pressing his § 1983 and § 1985 claims on appeal. However, in any event, we have considered these claims, and all of Scaglione's remaining claims, and find them to be without merit.

Accordingly, the judgment of the District Court is AFFIRMED.